**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICAH ASHER JEFFERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-1079-NJR** |
| | ) | |
| | ) | |
| **J. LASHBROOK and** | ) | |
| **JOHN DOE DENTIST,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Micah Asher Jefferson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Menard Correctional Center ("Menard"). In the Complaint, Plaintiff alleges John Doe Dentist was deliberately indifferent in treating his broken teeth, in violation of the Eighth Amendment. He seeks monetary damages.[1]

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

---

[1] To the extent Plaintiff seeks dental treatment (Doc. 1, p. 7), the Court notes that he is no longer housed at Menard, and he has not alleged that any current provider is acting with deliberate indifference to his dental needs. Thus, to the extent Plaintiff seeks injunctive relief, that request is **MOOT**. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (a prisoners request for injunctive relief is rendered moot by his transfer to another prison); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008).

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: While he was housed at Menard, Plaintiff saw John Doe Dentist on numerous occasions starting in 2018. Plaintiff complained about two teeth on the upper left side of his mouth that were cracked, broken, and causing him pain. Although Plaintiff complained to the dentist about the pain, he refused to remove the teeth and instead removed two lower teeth that did not cause Plaintiff pain (*Id*. at p. 6). Plaintiff's upper teeth caused him increasing pain and he could not eat or sleep and suffered from headaches. He also could not finish his meals because of the broken teeth. He wrote two grievances, one dated January 6, 2019, which was labeled an emergency by the Chief Administrative Officer, and one dated January 14, 2019, which was deemed a non-emergency. Although he wrote grievances, he was not sent to the dentist for care. He saw the dentist again on February 4, 2019; the dentist drilled holes in his teeth, but that treatment did not fix the problem. Plaintiff asked to have the teeth removed and informed the dentist that he was in pain, but the dentist told him he did not care about his pain and would leave them in his mouth if he continued to complain (*Id*.). Plaintiff later saw a new dentist about his teeth, and the dentist acknowledged that the teeth needed to be removed. Unfortunately, however, the teeth were not removed, and Plaintiff was forced to break one of the teeth with his hand to relieve the pain (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

**Count 1:**      **John Doe Dentist was deliberately indifferent to Plaintiff's tooth pain in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Preliminary Dismissals

Although Plaintiff identifies J. Lashbrook as a defendant in the caption of his Complaint, he fails to allege any constitutional violation by Lashbrook. He does allege that the Chief Administrative Officer responded to his grievances and deemed one an emergency and one not an emergency but that the grievance officials did not provide him with care. The records attached to the Complaint indicate that Lashbrook deemed his grievance dated January 6 an emergency and submitted it for expedited review (Doc. 1, pp. 10, 17). To the extent that he alleges that Lashbrook improperly responded to his grievances, the denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Accordingly, Lashbrook is **DISMISSED without prejudice** for failure to state a claim.

### Count 1

At this stage, the allegations in the Complaint state a viable claim for deliberate indifference against John Doe Dentist. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**John Doe Dentist**

Frank Lawrence, as the current warden of Menard, will be added to the docket (in his official capacity only) for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown dentist. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the unknown dentist is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

**<u>Pending Motions</u>**

In his Motion for Counsel (Doc. 3), Plaintiff states that he has some college education. Plaintiff has not, however, indicated whether he has met his threshold burden of trying to obtain counsel on his own. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date. Should he renew his request for counsel, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

## **Disposition**

For the reasons stated above, Count 1 shall proceed against John Doe Dentist. J. Lashbrook is **DISMISSED without prejudice** for failure to state a claim.

The Clerk of Court shall prepare for Defendants Frank Lawrence (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

As Frank Lawrence is only in the case in his official capacity for purposes of identifying the John Doe Dentist, he need not file a responsive pleading. Instructions for identifying the John Doe Dentist will be provided at a later date.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/12/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**