IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICAH ASHER JEFFERSON,

    **Plaintiff,**

v.

CRAIG ASSELMEIER,

    **Defendant.**

Case No. 3:19-CV-1079-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Strike Defendant Asselmeier's Expert Disclosures filed by Plaintiff Jefferson (Doc. 78). Jefferson filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging Dr. Asselmeier failed to treat his tooth pain while incarcerated at Menard Correctional Center within the Illinois Department of Corrections. Specifically, Jefferson claims that Asselmeier was deliberately indifferent to treating his broken teeth and associated pain in violation of the Eighth Amendment. Jefferson now moves to strike Dr. Asselmeier's expert disclosures, or in the alternative, to continue the dispositive motion deadline. For the reasons below, his motion is granted in part and denied in part.

Discovery in this case closed on September 30, 2021, and was briefly extended by stipulation of the parties for the limited purpose of taking Dr. Mark Litherland's deposition. Two days before the close of discovery, on September 28, 2021, Dr. Asselmeier disclosed three expert witnesses under Federal Rule of Civil Procedure 26(a)(2)(C): himself, Dr. Wyshnytzky, and Dr. Litherland. Jefferson took depositions of Dr. Asselmeier and Dr. Wyshnytzky before they were disclosed as expert witnesses. Notably, the scheduling order did not explicitly

provide an expert disclosure or expert deposition deadline (Doc. 44).

Jefferson argues that these "last-minute" expert witness disclosures are prejudicial and should be stricken (Doc. 78). While he had the opportunity to depose each of the dentists, Jefferson asserts that he deposed them as fact witnesses, not expert witnesses (*Id.*). As such, Jefferson states that the dentists did not offer any testimony as to Jefferson's injuries or damages in their depositions, and he was unaware of any intent for these witnesses to offer testimony of this nature (*Id.*). Jefferson contends that Dr. Asselmeier failed to timely and adequately disclose these expert witnesses which curtails his ability to take countermeasures specific to expert witnesses, such as attempting to disqualify the experts, retaining rebuttal experts, and holding additional depositions (*Id.*). Aside from the timeliness of the disclosure, Jefferson also argues that the experts should be excluded because Dr. Asselmeier failed to provide sufficient information in the disclosure only referencing vague and broad categories of testimony rather than specific details (*Id.*).

Alternatively, Dr. Asselmeier contends that his expert witness disclosures were timely pursuant to Federal Rule of Civil Procedure 26(a)(2)(D)(i), which provides that disclosures must be made at least 90 days before trial (Doc. 80). Because Jefferson had the opportunity to depose each dentist, Dr. Asselmeier argues there is no possibility of prejudice (*Id.*). Specifically regarding Dr. Litherland, because his deposition occurred after the disclosure, Dr. Asselmeier contends that Jefferson had the opportunity to depose him as an expert witness (*Id.*). He asserts that with treating physicians or dentists, there is no meaningful difference between fact and expert witnesses (*Id.*). Dr. Asselmeier further argues that his disclosures were sufficient and not too vague (*Id.*).

Pursuant to Rule 26(a)(2), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence and must make these disclosures at the times and in the sequence that the court orders. FED. R. CIV. P. 26(a)(2)(D). Expert witness disclosures must include the subject matter on which the witness is expected to present evidence, and a summary of the facts and opinions to which the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C). Absent a court order, disclosure must be made "(i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D).

Under Rule 37(c)(1), a party that fails to identify a witness as required by Rule 26(a) or 26(e) is not allowed to use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The determination of whether a late expert witness disclosure should be allowed is entrusted to the broad discretion of the district court. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The Seventh Circuit has set forth four factors to guide the district court's analysis: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.*

The purpose of the disclosure requirement in Rule 26 is to guard against prejudice to the opposing party. "Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial." *Musser v. Gentiva Health Services*, 356 F.3d 751, 757 (7th Cir.2004). "Without proper disclosures, a party

may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report." *Tribble v. Evangelides*, 670 F.3d 753, 759-60 (7th Cir. 2012) (internal quotation marks and citations omitted).

Here, Dr. Asselmeier made expert disclosures two days before discovery closed. The Court disagrees with Jefferson that these disclosures were untimely. Absent any expert disclosure deadline in the Court's scheduling order, Rule 26(a)(2)(D) controls and provides that expert disclosures be made at least 90 days before trial. Clearly, Dr. Asselmeier's expert disclosures were submitted well in advance of that deadline. The Court agrees with Jefferson, however, that disclosure two days before the end of discovery is prejudicial by hindering his ability to retain rebuttal experts or depose the dentists as expert witnesses instead of fact witnesses. Dr. Asselmeier argues that differentiating treating physicians as fact or expert witnesses is inconsequential. The Court disagrees. Formal disclosure of experts is required by Rule 26(a)(2)(A) because disclosure is not pointless. *Musser v. Gentiva Health Services*, 356 F.3d 751, 757 (7th Cir. 2004). Knowing the identity of an opponent's expert witnesses allows a party to properly prepare for trial, and parties should not be required to assume that each witness may be an expert witness at trial. *Id.* The Court finds that Jefferson was only prejudiced regarding Dr. Asselmeier and Dr. Wyshnytzky, as he had no notice as to their expert witness statuses during depositions. But Dr. Litherland's deposition was taken after the expert disclosure and, thus, Jefferson did not suffer the same prejudice in that deposition. Further, the Court finds that the expert disclosures at issue are minimally sufficient under the disclosure requirements in Rule 26(a)(2)(C).

Striking expert disclosures and foreclosing these three dentists from testifying as experts is a harsh remedy that is inappropriate for a disclosure that was technically timely.

Considering the circumstances of the case, the Court finds an appropriate remedy would be to temporarily reopen discovery for the limited purpose of deposing Dr. Asselmeier and Dr. Wyshnytzky as expert witnesses and for procuring and disclosing any rebuttal experts. These depositions should not be repetitive, but rather only inquire into expert testimony. While the Court is concerned about timely progression of cases, as the trial date for this case is currently five months away, a brief reopening of discovery and extension of the dispositive motion deadline would not substantially prejudice either party.

The parties shall have one week to confer and file with the Court a stipulation with an agreed upon timeline for this temporary reopening of discovery, including a new dispositive motion deadline. The stipulation shall be filed on or before **November 8, 2021**. The current dispositive motion deadline shall be stayed in the meantime.

To the extent that Jefferson's motion asks the Court to strike Dr. Asselmeier's expert disclosures, the motion is **DENIED**. To the extent that Jefferson's motion seeks relief considering the timing of the expert disclosures and asks the Court to extend the dispositive motion deadline, the motion is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   November 1, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**