IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICAH ASHER JEFFERSON,<br><br>        Plaintiff,<br><br>v.<br><br>J. LASHBROOK, warden, CRAIG ASSELMEIER, and FRANK LAWRENCE, warden,<br><br>        Defendants. | Case No. 3:19-CV-1079-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Micah Jefferson is a prisoner in the Illinois Department of Corrections currently residing at Western Illinois Correctional Center (Doc. 99). He filed this lawsuit in October 2019 alleging that, while incarcerated at Menard Correctional Center, Defendants were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment (Doc. 1). Defendant J. Lashbrook was dismissed from the action on December 12, 2019 (Doc. 10). Defendant Frank Lawrence was dismissed on February 19, 2020 (Doc. 21). On September 12, 2022, the Court entered summary judgment for Defendant Craig Asselmeier and dismissed the action (Docs. 95, 96).

      Now pending before the Court is the Bill of Costs filed by Asselmeier (Doc. 97). Asselmeier seeks to have Jefferson pay $1,991.25 for transcript costs. Jefferson filed a timely objection to the Bill of Costs (Doc. 99), along with a supplement detailing his financial situation (Doc. 108). Asselmeier filed a response to Jefferson's objection (Doc. 110).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The indigence exception to the cost-shifting presumption is narrow, and the non-prevailing party bears the burden to overcome the presumption. *Id.* at 636.

In his objection and supplement, Jefferson emphasizes that he is indigent and unemployed (Docs. 99, 108). The Court recognized Jefferson as indigent and granted *pauper* status when this action commenced (Doc. 7). Jefferson has been continuously incarcerated since being taken into custody in 2017 and throughout this litigation (Doc. 99). Additionally, Jefferson is not scheduled for possible parole until 2059 with no estimated discharge date (*Id.*). Jefferson has no assets and zero dollars in his inmate trust

account (*Id.*).

Accordingly, the Court finds Jefferson incapable of paying Asselmeier's costs at this time. Furthermore, given that he does not have an estimated discharge date and is not scheduled for parole until 2059,[1] the Court finds Jefferson incapable of paying the costs at any time in the near future. Moreover, his income-generating capabilities will not likely materially improve as he remains incarcerated. Asselmeier seeks a total of $1,991.25 in costs. That sum, while not monumental, is quite substantial to a prisoner proceeding *in forma pauperis*. The Court is convinced that Jefferson filed this case in good faith, and, while the Court dismissed the case on summary judgment, his claims were not frivolous.

For these reasons, the Court finds that the Bill of Costs should be denied on the grounds of indigence. Plaintiff Micah Jefferson's objection (Doc. 99) is **SUSTAINED** to the extent he argues he is indigent. Defendant Craig Asselmeier's Bill of Costs (Doc. 97) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 30, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] *See* IDOC Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited Nov. 28, 2022).